## DEFENSE OF STATUTE OF FRAUDS.

Circuit Court of Cuyahoga County.

JAMES KANE ET AL V. LOUIS DOMINICK.

Decided, March 4, 1907.

*Justice Practice—Evidence.*

A justice of the peace may receive evidence of facts which will take a case out of the operation of the statute of frauds.

*O. W. Broadwell,* for plaintiff in error.
*Bemis & Calfee,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This proceeding in error is prosecuted to reverse a judgment of reversal rendered by the court of common pleas in a proceeding in error from the court of a justice of the peace. The plaintiff in error here was plaintiff in the original action. He prevailed in the justice court, but was defeated in the court of common pleas. The action was in forcible detainer, and the plaintiff claimed that the defendant in possession was a tenant at will, or at most a tenant from month to month, and proved a proper notice upon him to leave the premises. The defendant, however, claimed that he was in possession under a parol lease for one year at the rate of $12 per month, for which he was not in default. The justice of the peace refused to receive evidence of the alleged oral lease for one year, upon the ground that under the statute of frauds the lease must be in writing. It is conceded that possession under an oral lease for one year will suffice to take the case out of the statute by invoking the doctrine of equitable estoppel or of fraud upon the statute or the law. But this seems to have been deemed by the justice of the peace a defense involving the exercise of equitable jurisdiction beyond the province of his court.

It is true, of course, that equity can not be administered by a justice of the peace, but it is not true that it involves the exercise of equitable jurisdiction to receive evidence of an oral lease of land for one year.

The case of *Wilber* v. *Paine,* 1 Ohio, 251, seems to be decisive of the question.  That was an action at law in which, however, proof was received of facts taking the case that was before the court out of the statute of frauds.

*Grant* v. *Ramsey,* 7th Ohio State, 158, was decided after the adoption of the code permitting the joinder of legal and equitable causes of action, and legal and equitable defenses, and both these cases are cited in *Swan's Treatise,* 20th Edition, page 576, as authority for the proposition that a justice of the peace may receive evidence of facts which will take a case out of the statute of frauds.  The recognition of equitable estoppels by courts of common law is fully discussed in *Columbus* v. *Street R. Co.,* 45 O. S., 98.

The judgment below is affirmed.